PER CURIAM.
This case arose as the result of a failed real estate transaction. The seller appeals alleging that the trial court abused its discretion when it entered a “stipulated” judgment, entertained a rehearing, withdrew the “stipulated” judgment, and entered a new final judgment diametrically opposed to the initial judgment. We reverse for a new trial.
From her comments during the trial, it is obvious the judge was disgusted with how this case was pled and tried. Prior to the conclusion of the evidence, the judge gave the parties two options: (1) accept the court’s view of a fair “settlement” of the case, or (2) recommence the entire proceedings from the pleading stage and retry it. The court then entered a final judgment effecting her view of a fair “settlement” of the matter: In doing so, the judge expressly conditioned the entry of the judgment on the absence of an objection from any party. The judge announced that if either party sought rehearing she would withdraw the judgment and make everyone start the case over from the initial pleading stage. The appellant was dissatisfied with the court’s “fair settlement” but upon consideration of a request for rehearing, the court chose not to recommence the case. Rather, she entered a new final judgment with factual and legal findings diametrically opposed to her first judgment and totally against the party seeking rehearing. In light of the judge’s previous directions, we hold such action to be an abuse of discretion. In an effort to accomplish practical justice, the judge disregarded traditional and established rules of law and procedure and struck out on her own. In doing so, the judge had to at least follow her own brand of justice — traditional notions of fair play required it. On remand, the parties should be required to replead the case. We are not saying that trial judges should not experiment with new and innovative legal procedures which will speed up the administration of justice. However, advance warning to the parties as to what these procedures are should be a requirement.
REVERSED AND REMANDED FOR A NEW TRIAL.
LETTS, BERANEK, and HERSEY, JJ., concur.